IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **TIANDRE L. TURNER,** | : | Case No. 3:25-cv-84 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | **Judge Michael J. Newman** |
| | : | **Magistrate Judge Karen L. Litkovitz** |
| | : | |
| **SHELBIE SMITH, WARDEN,** | : | |
| **BELMONT CORRECTIONAL** | : | |
| **INSTITUTION,** | : | |
| | : | |
| Respondent. | | |

## OPINION AND ORDER

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action in Montgomery County, Ohio. This matter is before the Court for consideration of Petitioner's Motion to Expand the Record. (Doc. 9). Because Petitioner fails to demonstrate the relevance of the trial exhibits he seeks to add to the record in this proceeding, his motion is **DENIED**.

Petitioner challenges convictions for rape, felonious assault, abduction, and kidnapping involving four separate women over the span of approximately one year. (Doc. 6, at 175-82). Specifically, he raises the following claims for relief:

**Ground One:** The Court of Appeals and Ohio Supreme Court violated Petitioner's Constitutional right to Due Process and Equal Protection of the law where it treated Petitioner differently from others similarly situated, and failed to apply the law equally in review of the allied offenses of similar import issue, thereby treating him differently and violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Supporting facts:   The Court of Appeals failed to properly apply Ohio law equally to petitioner as it relates to the determination of allied offenses of similar import. This error of state law subjected the Petitioner to a "fundamentally unfair" criminal process.

**Ground Two:**  Appellant was prejudiced by the improper joinder of unrelated charges.

Supporting facts:  Under his first assignment of error, Petitioner challenges the trial court's decision denying his motion to sever the charges so that he could be tried separately as to each victim. Turner claims that he was prejudiced by the improper joinder of unrelated charges.

**Ground Three:**  The trial and appellate court erred by failing to merge count 1, rape, with count 4, abduction.

Supporting facts:  The offenses for which he was convicted were allied offenses of similar import that the trial court should have merged at sentencing.

**Ground Four:**  The trial and appellate court erred in failing to merge count 4, abduction, with count 5, kidnapping, or in the alternative with count 6, kidnapping.

Supporting facts:  (Kidnapping and Abduction Offenses Related to C.B.)  Under this assignment of error, Petitioner argues that the kidnapping (sexual activity), abduction (restraint/sexual motivation), and kidnapping (felony or flight) offenses pertaining to C.B. were allied offenses that should have merged.

**Ground Five:**  The trial court erred by failing to merge count 8, assault, with count 9, abduction.

Supporting facts:  (Assault and Abduction Offenses Related to C.T.)  Under this assignment of error, Turner argues that the assault and abduction (restraint/sexual motivation) offenses pertaining to C.T. should have merged.

**Ground Six:**  The trial and appellate court erred by failing to merge count 13, abduction, and count 14, abduction.

Supporting facts:  (Abduction Offenses Related to H.C.)  Under this assignment of error, Turner argues that the abduction (restraint) and abduction (restraint/sexual motivation) offenses pertaining to H.C. were allied offenses that should have merged because they were based on the same conduct.

**Ground Seven:**  The trial and appellate court erred by failing to merge count 15,

2

kidnapping, with count 16, kidnapping.

Supporting facts: (Kidnapping Offenses Related to C.W.) Under this assignment of error, Turner argues that the kidnapping (felony or flight) and kidnapping (sexual activity) offenses pertaining to C.W. were allied offenses that should have merged.

**Ground Eight:** The trial and appellate court erred by failing to merge count 17, rape, with count 15, kidnapping, and count 16, kidnapping.

Supporting facts: (Rape and Kidnapping Offenses Related to C.W.) Under this assignment of error, Turner claims that the rape offense pertaining to C.W. should have merged with the kidnapping (sexual activity) and kidnapping (felony or flight) offenses.

(Doc. 1, at 7-15).

In the Return of Writ, Respondent contends that Petitioner's first ground for relief is waived because it was never presented to any state court. (Doc. 8, at 1581-82). Respondent asserts that the remaining claims are barred by one or more procedural defaults, and/or are state-law claims not cognizable in federal habeas corpus. (*Id*. at 1582-86). Respondent argues in the alternative that Petitioner's claims two through eight do not rise to the level of demonstrating a denial of the rights to due process, a fair trial, or against double jeopardy sufficient to warrant habeas corpus relief. (*Id*. at 1588-1611).

In the instant motion, Petitioner argues that there are "substantial and significant omissions" from the state court record filed in this Court. (Doc. 9, at 1613). He asks the Court to expand the record with the following materials:

**State Trial Exhibits – Doc #7, Page ID#1002**

1. **23-Medical Records**
2. **24-Kit**
3. **53-56 Photographs**
4. **60 A-F Photographs**
5. **60-70 MCRCL Reports**

3

    6. 71-72 MVCLP Reports
    7. 73-74 MVCL Reports
    8. 75 DNA Report

<b>State Trial Exhibits – Doc #7-1, Page ID# 686</b>

    1. 1-8 Photographs
    2. 9-19 Photographs

(*Id.*, at 1614). Petitioner contends that "expansion of the record in the present case is warranted because the Ohio Attorney General relies on evidence not currently in the habeas record to support its arguments presented in the return of writ." (*Id.*).

Respondent opposes the motion, arguing that the requested exhibits do not relate to any specified grounds for relief. (Doc. 12, at 1626). In response to Petitioner's argument that expansion is warranted because the Return of Writ relies on evidence not included in the habeas record, Respondent stresses that the arguments against Petitioner's claims rely on procedural default and Petitioner's failure to state claims cognizable in federal habeas corpus, not on any factual evidence. (*Id*. at 1626-27). The record supports Respondent's arguments.

    Rule 5 of the Rules Governing Section 2254 Cases requires the respondent to submit all transcripts and documents <u>relevant</u> to the determination of the habeas petition when the respondent answers the petition. Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 7(a) of the Rules Governing Section 2254 Cases allows the district court to require the inclusion of any additional materials <u>relevant</u> to the determination of the merits of the petition." Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. The decision of whether to expand the record falls within the sound discretion of the district court. *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008) (citing *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988)). Guided by these

standards, the Court finds that expansion of the record is not warranted.

Relevancy is the touchstone for Rule 7 expansion. As a preliminary matter, it is difficult to assess the relevancy of materials that were neither provided nor described. But even without knowing what the proffered materials are, the Court can state with confidence that they are not relevant to determination of the merits of the Petition because the claims alleged therein present legal questions, not factual questions.

In support of his motion to expand, Petitioner lists all of his claims (Doc. 13, at 1633-35). But those claims, which allege misjoinder and erroneous failure to merge allied offenses of similar import, plainly raise *legal* claims requiring examination of the essential elements of the crimes charged, *not* factual claims dependent upon examination of evidentiary exhibits. Thus, the exhibits that Petitioner seeks to add are not relevant because they would not assist the Court in resolving the merits of the Petition. And that determination forecloses the remainder of Petitioner's arguments.

Petitioner contends that "expansion of the record in the present case is warranted because the Ohio Attorney General relies on evidence not currently in the habeas record to support its arguments presented in the return of writ." (Doc. 9, at 1614). But Respondent insists, and the Court agrees, that none the arguments against Petitioner's claims rely on the proffered exhibits or any factual evidence. (Doc. 12, at 1626).

Petitioner argues that Respondent's production of the state-court record, by omitting the proffered exhibits, fails to meet the requirements of Rule 5. (Doc. 13, at 1631-32). (Doc. 13, at 1631-32). The Court disagrees. As noted above, Rule 5 requires the respondent to submit all transcripts and documents _relevant_ to the determination of the habeas petition. The proffered

5

exhibits do not meet this standard.

Petitioner also argues that expansion is needed to "alleviate any factual disputes." (*Id*. at 1632). But Petitioner fails to identify, and the record does not reveal, any *factual* disputes. Conclusory allegations of material disputes of facts do not warrant expansion. *See, e.g.*, *Lojewski v. Miniard*, 685 F. Supp. 3d 487, 489 (E.D. Mich. 2023) (citing *Griffin v. Berghuis*, 298 F. Supp. 2d 663, 678 (E.D. Mich. 2004)).

Finally, as for Petitioner's complaint that Respondent relies on the assertion of procedural default as if the Court has already found procedural default, (*id*. at 1638-39), the Court assures Petitioner it has made no such ruling. The Court expresses no opinion at this juncture about the merits of Petitioner's claims or the merits of Respondent's arguments against Petitioner's claims. Rather, the Court finds only that the exhibits Petitioner seeks to add would not assist the Court in resolving these issues.

For the foregoing reasons, the Petitioner's Motion to Expand the Record (Doc. 9), is **DENIED**.

It is further **ORDERED** that Petitioner has **thirty days from the date of this Order** to **FILE** his traverse. If he requires additional time, he should promptly file a motion for an extension of time.

**IT IS SO ORDERED.**

September 19, 2025

KAREN L. LITKOVITZ
United States Magistrate Judge