**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

TIANDRE L. TURNER

Petitioner, : Case No. 3:25-cv-00084

- vs - District Judge Michael J. Newman
Magistrate Judge Michael R. Merz

WARDEN,
Belmont Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Tiandre Turner to obtain relief from his conviction in the Common Pleas Court of Montgomery County, Ohio, on "four counts of rape, five counts of kidnapping, four counts of abduction, two counts of felonious assault, and one count of assault." (Petition, ECF No. 1, PageID 2). Upon conviction he was sentenced to an aggregated term of forty-four years to life imprisonment. *Id.* The case is ripe for decision on the Petition, the State Court Record (ECF No. 6), and the Return of Writ (ECF No. 8). Although the Court set a deadline for Petitioner to file a reply and then extended that deadline several times to June 20, 2026, Petitioner has never filed a traverse, so the case is ripe without one.

The Magistrate Judge reference in this case was recently transferred to the undersigned pursuant to Amended General Order 22-05 (ECF No. 18). Petitioner has objected to the transfer, but because the Transfer Order is non-dispositive, it remains effective unless reversed by District Judge Newman. See S. D. Ohio Civ. R. 72.3.

**Litigation History**

On November 23, 2022, and January 13, 2023, a Montgomery County grand jury returned indictments charging Turner with four counts of rape, five counts of kidnapping, four counts of abduction, two counts of felonious assault, two counts of robbery, and one count of assault. The charges pertained to four separate victims (Indictments, State Court Record, ECF No. 6, Exs. 1 and 3). After denying a motion to sever the charges, the trial court empaneled a trial jury which found Turner guilty of sixteen of the eighteen charges against him. He was then sentenced to the term of imprisonment he is now serving.

Petitioner appealed to the Ohio Second District Court of Appeals which affirmed. *State v. Turner,* 2024-Ohio-684 (Ohio App. 2d Dist. Feb. 23, 2024). Turner appealed *pro se* to the Ohio Supreme Court, which declined to exercise jurisdiction. *State v. Turner*, 174 Ohio St. 3d 1487 (2024). Turner filed his Petition in this Court on February 24, 2025, by placing it in the prison mailing system that date. He pleads the following grounds for relief:

> **Ground One**: The Court Of Appeals and Ohio Supreme Court Violated Petitioner's Constitutional Right To Due Process And Equal Protection Of The Law Where It Treated Petitioner Differently From Others Similar Situated, And Failed To Apply The Law Equally In Review Of The Allied Offense Of Similar Import Issue, Thereby Treating Him Differently And Violating The Equal Protection Clause Of The Fourteenth Amendment To The United States Constitution.
>
> **Supporting Facts**: The Court of Appeals failed to properly apply Ohio law equally to petitioner as it relates to the determination of allied offenses of similar import. This error of state law subjected the Petitioner to a "fundamentally unfair" criminal process.
>
> **Ground Two**: Appellant was prejudiced by the improper joinder of unrelated charges.

**Supporting Facts**: Under his first assignment of error, Petitioner challenges the trial court's decision denying his motion to sever the charges so that he could be tried separately as to each victim. Turner claims he was prejudiced by the improper joinder of unrelated charges.

**Ground Three**: The trial and appellate court erred by failing to merge Count 1, Rape with Court 4, Abduction.

**Supporting Facts**: The offenses for which he was convicted were allied offenses of similar import that the trial court should have merged at sentencing.

**Ground Four**: The trial and appellate court erred in failing to merge Count 4, Abduction, with Count 5, Kidnapping, or in the alternative, Count 6, Kidnapping.

**Supporting Facts**: (Kidnapping and abduction offenses related to C.B.) Under this assignment of error, Petitioner argues that the kidnapping (sexual activity), abduction (restraint/sexual motivation), and kidnapping (felony or flight) offenses pertaining to C.B. were allied offenses that should have merged.

**Ground Five**: The trial court erred by failing to merge Count 8, Assault, with Count 9, Abduction.

**Supporting Facts**: Assault and Abduction Offenses Related to C.T.) Under this assignment of error, Turner argues that the assault and abduction (restrain/sexual motivation) offenses pertaining to C.T. should have merged.

**Ground Six**: The trial and appellate court erred by failing to merge Count 13, Abduction, with Court 14, Abduction.

**Supporting Facts**: (Abduction Offenses Related to H.C.) Under this assignment of error, Turner argues that the abduction (restrain) and abduction (restrain/sexual motivation) offenses pertaining to H.C. were allied offenses that should have merged because they were based on the same conduct.

**Ground Seven**: The trial and appellate court erred by failing to merge Count 15, Kidnapping, with Count 16, Kidnapping.

**Supporting Facts**: (Kidnapping Offenses Related to C.W.) Under this assignment of error, Turner argues that the kidnapping (felony

> or flight) and kidnapping (sexual activity) offenses pertaining to C.W. were allied offenses that should have merged.
>
> **Ground Eight**: The trial and appellate court erred by failing to merge Count 17, Rape, with Count 15, Kidnapping, and Count 16, Kidnapping.
>
> **Supporting Facts**: Rape and Kidnapping Offenses Related to C.W.) Under this assignment of error, Turner claims that the rape offense pertaining to C.W. should have merged with the kidnapping (sexual activity) and kidnapping (felony or flight) offenses.

(Petition, ECF 1, PageID 7-15).

## Analysis

**Ground One: Denial of Due Process and Equal Protection**

In his First Ground for Relief, Petitioner asserts he was denied due process and equal protection of the laws when he was "treated differently from others similarly situated" as to the Ohio law requiring the merger at sentencing of allied offenses of similar import.

Ohio law requires that convictions on allied offense of similar import be merged at the time of sentencing. The relevant statute is Ohio Revised Code § 2941.25 which provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

On direct appeal, Petitioner asserted the trial court had misapplied Ohio Revised Code §

2941.25 in that:

> **Assignment of Error II**: count one for rape should have been merged with count four for abduction;
>
> **Assignment of Error III:** count four for abduction should have been merged with count five for kidnapping or count six for kidnapping;
>
> **Assignment of Error IV:** count eight for assault should have been merged with count nine for abduction;
>
> **Assignment of Error V**: count thirteen for abduction should have been merged with count fourteen for abduction;
>
> **Assignment of Error VI:** count fifteen for kidnapping should have been merged with count sixteen for kidnapping; and
>
> **Assignment Of Error VII:** count seventeen for rape should have been merged with counts fifteen and sixteen, each for kidnapping.

(Appellant's Brief, State Court Record, ECF No. 6, Ex. 12, PageID 95-96). The argument is made entirely under Ohio law; no constitutional claim is made about the failure to merge these various counts. *Id.*

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009). If a claim has not been fairly presented and there are no longer any available state court forum in which to present it, it has been procedurally defaulted

and is subject to dismissal in habeas corpus.

The State Court Record shows that Petitioner has never presented the constitutional claim he makes in Ground One to any Ohio court. Presented with Respondent's argument that the claim is procedurally defaulted, Petitioner failed to make any response by way of a traverse, so he has not shown, or even attempted to show, any excusing cause and prejudice. Ground One should therefore be dismissed with prejudice as barred by Petitioner's procedural default in presenting it to the state courts.

Even if Ground One were not procedurally defaulted, it would fail on the merits. Ohio Revised Code § 2941.25 is a matter of state law and Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "A petitioner must claim that his custody violates federal law, not state law, not some other source of law." *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020) (citing *Wilson*. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). States are not obligated by the federal Constitution to follow all prescribed state procedures. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).

As to his Equal Protection claim, Petitioner seems to be asserting that there are other persons similarly situated to him who have received better treatment in the application of Ohio Revised Code § 2941.25 than he did. But he offers no examples. Ordinarily an equal protection claim requires that some state entity provide favorable treatment to some class of people because of some invidious base of comparison with another, race being the principal example. But Petitioner does not make a claim that he received worse treatment under Ohio Revised Code § 2941.25 because of his race and certainly provides no comparative examples.

Petitioner's First Ground for Relief should be dismissed as procedurally defaulted and for failure to state a claim upon which relief can be granted under either the Due Process or the Equal Protection Clause.

**Ground Two: Improper Joinder**

In his Second Ground for Relief, Petitioner claims he was prejudiced by being required to stand trial with respect to all four victims in the same proceeding. He raised this as his First Assignment of Error on direct appeal and the Second District decided it as follows:

> ¶ 30} Under his first assignment of error, Turner challenges the trial court's decision denying his motion to sever the charges so that he could be tried separately as to each victim. Turner claims that he was prejudiced by the improper joinder of unrelated charges. We disagree.
>
> ***Standard of Review***
>
> {¶ 31} Ordinarily, an appellate court reviews a trial court's ruling on a motion to sever for an abuse of discretion. *State v. Pate*, 2021-Ohio-1838, 173 N.E.3d 567, ¶ 36 (2d Dist.), citing *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, ¶ 106; *State v. Snowden*, 2019-Ohio-3006, 140 N.E.3d 1112, ¶ 48 (2d Dist.), citing *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990).

However, "[w]here a defendant fails to renew a motion to sever at the close of the state's case or the close of all evidence, * * * he waives all but plain error on appeal." (Citations omitted.) *State v. Shivers*, 8th Dist. Cuyahoga No. 106601, 2018-Ohio-5174, 2018 WL 6721283, ¶ 89. *Accord State v. Stargell,* 2016-Ohio-5653, 70 N.E.3d 1126, ¶ 12 (2d Dist.); *State v. Kocevar*, 2023-Ohio-1513, 213 N.E.3d 1240, ¶ 15 (2d Dist.). Plain error arises only when, "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus. Plain error should be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 32} In this case, although Turner filed a post-verdict motion for new trial arguing that the joinder of the unrelated charges prejudiced him, Turner failed to renew his pretrial motion to sever either at the end of the State's case or at the conclusion of the evidence. Therefore, Turner has waived all but plain error with regard to the severance/improper joinder issue.

***Joinder and Severance of Charges***

{¶ 33} Multiple offenses may be charged in the same indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Crim.R. 8(A). Joinder of such charges is favored "because it conserves time and financial resources, diminishes inconvenience to witnesses, and minimizes the possibility of incongruous results in successive trials before different juries." (Citations omitted.) *State v. Mitchell,* 2d Dist. Clark Nos. 97-CA-0048 and 97-CA-0049, 1998 WL 27994, *2 (Jan. 6, 1998). *Accord State v. Smith,* 2d Dist. Montgomery No. 29597, 2023-Ohio-4565, 2023 WL 8670757, ¶ 15, citing *State v. Broadnax*, 2d Dist. Montgomery No. 21844, 2007-Ohio-6584, 2007 WL 4305712, ¶ 33 and *State v. Hamblin,* 37 Ohio St.3d 153, 158, 524 N.E.2d 476 (1988).

{¶ 34} " 'Notwithstanding the policy in favor of joinder,' Crim.R. 14 permits a defendant to request severance of the counts in an indictment 'on the grounds that he or she is prejudiced by the joinder of multiple offenses.' " *Ford,* 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, at ¶ 104, quoting *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 49. "The defendant 'has the burden of furnishing the trial court with sufficient information

so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial.' " *Id.*, quoting *State v. Torres*, 66 Ohio St.2d 340, 343, 421 N.E.2d 1288 (1981).

{¶ 35} "Even if the equities support severing the charges, the State can overcome the defendant's claim of prejudicial joinder in two ways." *Smith* at ¶ 17. "First, the State can show that it could have introduced evidence of the joined offenses as other acts under Evid.R. 404(B)." *Id.*, citing *Ford* at ¶ 104. That is, "[i]f in separate trials the state could introduce evidence of the joined offenses as 'other acts' under Evid.R. 404(B), a defendant cannot claim prejudice from the joinder." (Citations omitted.) *LaMar* at ¶ 50. "Alternatively, the State can show that the evidence of each crime joined at trial is 'simple and direct.' " *Smith* at ¶ 17, quoting *Ford* at ¶ 104. (Other citations omitted.) " '[W]hen simple and direct evidence exists, an accused is not prejudiced by joinder regardless of' whether the evidence is admissible as other-acts evidence." *State v. Coley*, 93 Ohio St.3d 253, 260, 754 N.E.2d 1129 (2001), quoting *Lott*, 51 Ohio St.3d 160 at 163, 555 N.E.2d 293.

{¶ 36} Evidence is simple and direct if the jury can readily separate the proof required for each offense, the evidence is straightforward and unlikely to confuse jurors, and if there is little danger that the jury would improperly consider testimony on one offense as corroborative of the other. *State v. Morgan*, 2d Dist. Clark No. 2018-CA-103, 2019-Ohio-3691, 2019 WL 4390491, ¶ 79. "Joinder may be prejudicial when the offenses are unrelated and the evidence as to each is very weak, * * * but it is otherwise when the evidence is direct and uncomplicated and can reasonably be separated as to each offense." (Citations omitted.) *Torres* at 343-344, 421 N.E.2d 1288.

{¶ 37} In this case, the trial court denied Turner's pretrial motion to sever after applying the simple and direct test. Specifically, the trial court found that the anticipated evidence supporting each charge was going to be simple and direct and would not confuse the jury. After hearing all of the evidence presented at trial, the trial court reiterated that decision when it later denied Turner's post-verdict motion for new trial. The trial court also found that, based on Turner's trial testimony, even if the charges had been severed and tried separately as to each victim, the evidence pertaining to the other victims would have been properly admissible as other acts evidence under Evid.R. 404(B).

{¶ 38} Upon review, we find that the trial court's analysis under the simple and direct test did not constitute plain error or an abuse of discretion. We agree that the evidence supporting the charges as to

each victim was separate, distinct, straightforward, and easy to follow. This is demonstrated by the fact that the jury was able to parse through the evidence and acquit Turner of the two robbery charges pertaining to C.B. and C.W. The acquittal of those charges also demonstrated that the jury was not influenced by the evidence relating to the other victims. *See State v. Stephens*, 2d Dist. Montgomery No. 17851, 2000 WL 569944, *5 (May 12, 2000) (finding that the jury's acquittal on one of the charged offenses indicated that the jury had been able to separate the evidence with respect to the different charges and that the jury was not "swayed" by the evidence pertaining to the other charges); *State v. Schiebel*, 55 Ohio St.3d 71, 88, 564 N.E.2d 54 (1990) (finding that defendant's claim that the jury was incapable of segregating the voluminous and complex evidence was "clearly rebutted" by the jury's verdict of acquittal on a portion of the charges); *United States v. Gallo*, 763 F.2d 1504, 1526 (6th Cir. 1985) (finding that the jury's ability to acquit appellants on some counts and convict them on others "strongly suggests that the jury was not confused by the testimony adduced at trial, and was able to attribute to each appellant evidence pertinent to that particular party").

{¶ 39} Although Turner correctly argues that the State made some comments during its closing argument that implicitly asked the jury to consider the evidence as a whole as opposed to considering it separately as to each victim, we do not find that those comments impacted the outcome of trial so as to constitute plain error. The trial court properly instructed the jury that closing arguments were not to be considered evidence, and we must presume that the jury followed the trial court's instructions. *See State v. Thrasher*, 2d Dist. Greene No. 2004-CA-113, 2006-Ohio-1260, 2006 WL 677717, ¶ 25. In addition, the evidence supporting Turner's offenses against each of the victims was strong given the presence of Turner's DNA in each case and the victims' resulting injuries. Given the strength of the evidence, it is unlikely that the jury's verdict would have been different absent the comments at issue.

{¶ 40} Because we find no plain error or abuse of discretion with regard to the trial court's decision that joinder of the charges was proper under the simple and direct test, it is unnecessary for us to analyze the stricter, more complex issue as to whether the evidence would have been admissible at separate trials as other acts evidence. *See State v. Johnson*, 88 Ohio St.3d 95, 109, 723 N.E.2d 1054 (2000) (if the state can meet the simple and direct test, it need not meet the stricter other acts test).

{¶ 41} Turner's first assignment of error is overruled.

*State v. Turner, supra.*

As an initial matter, the Magistrate Judge concludes Petitioner procedurally defaulted this claim. Ohio has a procedural rule, enunciated in the body of the Second District's opinion, that requires a motion to sever be renewed at the conclusion of the evidence. Because Petitioner did not renew the motion to sever at that time, the Second District reviewed this claim only for plain error. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001). Petitioner has offered no cause and prejudice to excuse the default, so it bars merits review in this Court.

Alternatively, if the Court were to reach the merits, it would conclude that the Second District's conclusion on this issue was entitled to deference under 28 U.S.C. § 2254(d)(1) because it is a reasonable application of Supreme Court precedent. The Court has held improper joinder does not, in itself, violate the Constitution." *United States v. Lane*, 474 U.S. 438, 446 n. 8 (1986). To obtain federal habeas relief on a misjoinder claim involving state law, a petitioner "must show that misjoinder of the counts 'result[ed] in prejudice so great as to deny a defendant his . . .right to a fair trial." *Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir. 2007)(quoting *Lane*, 474 U.S. at 446 n. 8). The pattern of conduct in these four rape cases is strikingly similar and much of it would certainly be admissible as "other acts" to show a common method of operation. Petitioner's Second Ground for Relief therefore fails on the merits as well.

**Grounds Three, Four, Five, Six, Seven, and Eight: Failure to Merge**

In his Third, Fourth, Fifth, Sixth, Seventh, and Eighth Grounds for Relief, Petitioner asserts the Ohio courts committed error in failing to merge various counts of conviction under Ohio Revised Code § 2941.25. These claims all rely on Petitioner's interpretation of Ohio statutory law. But as pointed out above, federal habeas courts sit only to consider federal constitutional crimes and not to review alleged error in the application of state law. Grounds Three, Four, Five, Six, Seven, and Eight should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 30, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #