**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

TIANDRE L. TURNER

Petitioner, : Case No. 3:25-cv-00084

- vs -

District Judge Michael J. Newman
Magistrate Judge Michael R. Merz

WARDEN,
Belmont Correctional Institution,

:

Respondent.

# DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Motion to Stay the Case pending decision by District Judge Newman of Petitioner's Objections to the transfer of the case from Magistrate Judge Litkovitz to Magistrate Judge Merz (ECF No. 26) and Petitioner's Motion to Stay and Withdraw the Magistrate Judge's August 6, 2026, Report and Recommendations pending Judge Newman's ruling on the Objections filed to the Magistrate Judge's July 26, 2026, Report and Recommendations (ECF No. 27).

Motions to stay are non-dispositive pretrial motions on which assigned Magistrate Judges have initial decisional authority under Fed.R.Civ.P. 72(a), subject to appeal to the assigned District Judge. Accordingly the undersigned denies these two Motions for the following reasons:

As already explained, the transfer of the Magistrate Judge reference to the undersigned was done on the mutual consent of the undersigned and Magistrate Judge Litkovitz. It is authorized by Amended General Order 22-05 and was done to help balance the workload of the Magistrate

Judges in the District. The Magistrate Judges at the Cincinnati location of court have a full workload of Magistrate Judge duties: discovery disputes, initial appearances and setting bond in criminal cases, case management including other *pro se* litigation, etc. The undersigned serves as a recalled Magistrate Judge to assist with that workload. Nothing said by Petitioner in his Objections calls into question the legitimacy and authority for the transfer. That being said, there is no good reason to stay the case pending decision by Judge Newman of Petitioner's Objections. Last week there were more than 5,200 pending motions on the docket of this Court. That being the case, the Court must work hard to keep up and cannot let its schedule be dictated by the desires of a litigant to have one motion decided before another one is considered. Petitioner's first Motion to Stay is therefore denied.

Petitioner's second Motion to Stay asks that the Magistrate Judge's second Report and Recommendations on the merits (ECF No. 25) be withdrawn until District Judge Newman rules on Petitioner's Objections to the first Report and Recommendations. But objections to the first Report are moot because it has been withdrawn. Petitioner's foremost objection was that the first Report had been filed without considering Petitioner's Traverse. Even though Petitioner "filed" the Traverse Juen 15, 2026, the Magistrate Judge had never seen it because of a clerical error in docketing it. Once it was docketed, the Magistrate Judge thoroughly considered it in rendering the second Report. Petitioner has already received the only remedy possible for the failure to docket. The Court could not release him because of a clerical error in docketing. Petitioner's second Motion for Stay is denied.

The second Report having been served on August 6, 2026, Petitioner's deadline for objecting is August 24, 2026.

August 10, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge