**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

TIANDRE L. TURNER

Petitioner, : Case No. 3:25-cv-00084

- vs - District Judge Michael J. Newman
Magistrate Judge Michael R. Merz

WARDEN,
Belmont Correctional Institution,

:

Respondent.

## DECISION AND ORDER DENYING MOTION TO RECUSE

This habeas corpus case is before the Court on Petitioner's Motion for Recusal Requesting Magistrate Judge Merz to Recuse Himself from the Case Pursuant to 28 U.S.C. § 144 and § 455 (ECF No. 29).

As the Motion implies, a request for recusal in federal court is directed in the first instance to the judge sought to be disqualified. *Goward v. United States*, 2014 U.S. App. LEXIS 11694, *6 (6th Cir. 2014), *citing United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2nd Cir. 1988) *reh'g denied*, 869 F.2d 116 (2nd Cir. 1989); *United States v. Brunsman*, 2013 U.S. Dist. LEXIS 92971, *1 (S.D. Ohio 2013); *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges).

The procedure for disqualifying a federal judge is well established. Under 28 U.S.C. § 144 the party seeking disqualification must make an affidavit of personal bias or prejudice, accompanied by his counsel's certificate that the affidavit is made in good faith. When a party is proceeding *pro se*, no counsel's certificate is required. While the affidavit is directed in the first instance to the judicial officer sought to be disqualified, if it is timely and legally sufficient, recusal is mandatory; the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency. 13A C. Wright, A. Miller, and E. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D, §§ 3541, et seq., particularly § 3550. To be legally sufficient under § 144, assertions in an affidavit must be definite as to time, place, persons, and circumstances. *Berger v. United States*, 255 U.S. 22 (1921). Such detail is necessary to prevent abuse of § 144. *Grimes v. United States*, 396 F.2d 331 (9th Cir. 1968).

Regarding disqualification under § 144, Petitioner has attached a Declaration under Penalty of Perjury. Under 28 U.S.C. § 1746, that declaration takes the place of the required affidavit in that it is adequately verified.

However, the Declaration is legally insufficient to require recusal. It asserts that the undersigned

> Abused His Discretion, Acted Biased, And Arbitrary, When He Made A Second Report And Recommendation Without Allowing The District Judge To De Novo Review The First Objection To The First Report and Recommendation
>
> Is Acting In A "Biased And Arbitrary" Manner In His Fact Finding When He Found That Petitioner Did Not File His Traverse
>
> Acted Without Legal Authority When He Ordered The Case Transferred From Magistrate Judge Litkovitz To His Case Docket

(Motion, ECF No. 29).

To be legally sufficient under § 144, a litigant must allege facts arising from some extrajudicial source. A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp*., 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted).

The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). The *Liteky* Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are

> within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

510 U.S. at 555. An affidavit filed under § 144 must "allege[ ] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003), citing *Gen. Aviation, Inc. v. Cessna Aircraft, Co.,* 915 F.2d 1038, 1043 (6th Cir.1990). Since the decision in *Liteky, supra,* "federal courts have been uniform in holding that § 455(a) motion cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases." Flamm, Judicial Disqualification 2d § 25.99, *citing In re Antar,* 71 F.3d 97 (3rd Cir. 1995), *overruled on other grounds Smith v. Berg*, 247 F.3d 532, 534 (3rd Cir. 2001).

The kind of personal bias that warrants recusal "must be predicated ... upon extrajudicial conduct rather than on judicial conduct." *United States v. Rosales*, 2002 WL 16706937 *1 (S.D. Ohio Nov. 4, 2022)(Rice, J.) citing *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003) (quoting *City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980)).

> The alleged bias must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). Extrajudicial conduct encompasses only "personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." Id. at 1090 (internal quotation marks omitted). "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. *Wheeler v. Southland Corp*., 875 F.2d 1246, 1251-52 (6th Cir.1989) (citing *Demjanjuk v. Petrovsky*, 776 F.2d 571, 577 (6th Cir.1985)).

*Youn*, 324 F.3d at 423.

Petitioner cites no extrajudicial source whatsoever for the supposed bias. In fact I have never met him or had any contact with him except in this very case. All of the alleged acts of bias are judicial acts. Petitioner of course has legal recourse to attempt to get those acts reversed by appealing to Judge Newman on nondispositive matters or by objecting on dispositive matters. Ultimately he may have recourse to the Sixth Circuit. But he has not presented a prima facie case of bias under § 144 because he has suggested no extrajudicial source.

Under 28 U.S.C. § 455, different procedure is applicable: no motion or affidavit is required, since the statute places a burden on a judge to disqualify himself or herself *sua sponte.* There is no timeliness requirement. *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980). The Court, moreover, need not accept as true the factual statements in the affidavit if one is filed. *Phillips v. Joint Legislative Committee on Performance and Expenditure Review of Mississippi*, 637 F.2d 1014, 1019, n.6 (5th Cir. 1981).

Petitioner is also not entitled to recusal under § 455 because he has not cited any instances of behavior by the undersigned which display personal bias. As a matter of fact, I did sign the Order of Transfer from Magistrate Judge Litkovitz, but that was done at her request and pursuant to Amended General Order 22-05. The initial finding in the original Report that Petitioner had not filed a Traverse was based on the fact that I had not seen the Traverse he filed electronically on June 15, 2026, because the Clerk had not docketed it. As soon as the filing was proven to have happened by Petitioner's attachment of what amounts to a file-stamped copy of the Traverse, I withdrew the offending Report and considered the Traverse in the newly-filed Report.

The Motion to Recuse is DENIED.

August 11, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge